UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MIRIAM COFFMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:13-CV-3578-B |
| | § | |
| WAL-MART STORES, INC d/b/a | § | |
| WAL-MART SUPERCENTER STORE | § | |
| #789, STANLEY BLACK & DECKER, | § | |
| INC., and STANLEY ACCESS | § | |
| TECHNOLOGIES, LLC, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Wal-Mart Stores, Inc. d/b/a Wal-Mart Supercenter Store #789's Motion for Leave to File First Amended Answer (doc. 24), which was filed on July 16, 2014. For the reasons stated below, Defendant's Motion is **GRANTED**.

## I.

## BACKGROUND

On May 15, 2013, Plaintiff Miriam Coffman attempted to enter Defendant Wal-Mart Stores, Inc. d/b/a Wal-Mart Supercenter Store #789 ("Wal-Mart") through the automatic doors at the front of the store. First Am. Pet. 2. While Plaintiff was crossing the threshold, the automatic doors closed on her walker. *Id.* at 2–3. Though Plaintiff assumed the doors would stop and re-open once they detected her, they continued to close. *Id.* The force of the doors on Plaintiff's walker threw Plaintiff to the cement floor. *Id.* at 3.

On August 7, 2013, Plaintiff sued Wal-Mart for negligence in the County Court at Law No. 3 of Dallas County, Texas. Doc. 1-1. On August 20, 2013, Wal-Mart filed its Original Answer and, on September 6, 2013, removed the action to this Court. Doc. 1. On January 14, 2014, Plaintiff amended her complaint to include Defendants Stanley Black & Decker Inc. and Stanley Access Technologies LLC, who allegedly made and serviced the automatic doors that closed on Plaintiff. Doc. 11 at 1–2. Following the addition of these Defendants, the parties jointly moved to amend the Court's scheduling order. Doc. 20. The Court granted the motion and amended its scheduling order to include, *inter alia*, a revised deadline to amend pleadings of July 16, 2014. Doc. 21.

On July 16, 2014, Wal-Mart timely filed its present Motion for Leave to File First Amended Answer. Doc. 24. The Certificate of Conference indicated that Plaintiff could not be reached. *Id.* at 3. Thus the Court presumed the Motion was opposed and waited twenty-one days for Plaintiff to respond. *See* L.R. 7.1. More than twenty-one days have passed, and Plaintiff has not responded to Wal-Mart's Motion. It is now ripe for the Court's review.

## II.

## LEGAL STANDARD

"It is settled that grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). Leave should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, granting leave to amend "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). The district court may consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment." *Inline Corp. v. Tricon*

*Restaurants Int'l*, No. 3:00–CV–0990, 2002 WL 1331885, at *1 (N.D. Tex. June 14, 2002) (citing *Wimm*, 3 F.3d at 139). "When, as here, a party files a motion to amend by the court-ordered deadline, there is a 'presumption of timeliness.'" *Id.* (quoting *Poly-America, Inc. v. Serrot Int'l Inc.*, No. 3:00–CV–1457, 2002 WL 206454, at *1 (N.D. Tex. Feb. 7, 2002)).

## III.

## ANALYSIS

In its Motion, Wal-Mart requests leave to amend its answer "in order to add its affirmative defenses and file an answer in accordance with the federal rules." Def.'s Mot. 2. Wal-Mart insists that there are no factors weighing against granting leave—there has been no undue delay; Wal-Mart is not guilty of any bad faith or dilatory motive; Wal-Mart has not repeatedly failed to cure deficiencies; and Plaintiff will suffer no undue prejudice. *Id.* As the Court has already noted, Plaintiff has not responded to any of these points.

After reviewing the Motion and the relevant law, the Court is of the opinion that leave to amend should be granted. There is no indication Wal-Mart has engaged in undue delay. Indeed, the Motion was filed within the Scheduling Order's deadline to amend. There is also nothing to suggest bad faith or a dilatory motive on Wal-Mart's part. Finally, the Court is unaware of any reason why allowing Wal-Mart to amend its answer as requested would result in undue prejudice or would somehow be futile. To the extent Plaintiff disagrees, Plaintiff has failed to provide an explanation why. In sum, the Court can find no reason why leave should be denied. The Court therefore concludes that Wal-Mart's Motion should be granted.

## IV.

## CONCLUSION

For the foregoing reasons, Wal-Mart's Motion is **GRANTED**. Wal-Mart is instructed to file its First Amended Answer with the Court **within five days of this Order**.

**SO ORDERED.**

**SIGNED: August 20, 2014.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE